**EMPLOYEES RETIREMENT SYSTEM of Texas, Appellant,**

v.

**Marjorie E. HILL, Appellee.**

**No. 5774.**

Court of Civil Appeals of Texas, Waco.

Oct. 20, 1977.

Rehearing Denied Nov. 30, 1977.

John L. Hill, Atty. Gen. of Texas, David M. Kendall, First Asst. Atty. Gen., John Reeves, Asst. Atty. Gen., Austin, for appellant.

Sam C. Bashara, San Antonio, for appellee.

## OPINION

McDONALD, Chief Justice.

This case was brought in the trial court by Marjorie E. Hill to set aside the decision of the Board of Trustees of the Employees Retirement System of Texas, denying her disability benefits as of November 30, 1975. The trial court without a jury, under the substantial evidence rule, on a record developed before the administrative agency, rendered judgment for Mrs. Hill and against the System. Such judgment found "the decision of defendant [appellant system] de-

nying Mrs. Hill occupational disability retirement benefits as of November 3, 1975 is not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole and that plaintiff [appellee] is entitled to judgment * * * ".

Such judgment decreed appellee entitled to disability retirement benefits effective November 3, 1975 and ordered appellant to begin monthly payments to plaintiff and continue same for the remainder of plaintiff's life * * * ; and further decreed plaintiff entitled to $1,760. in back payments plus prejudgment interest.

Appellant [defendant] Retirement System appeals on 2 points:

1) The district court erred in setting aside the order of appellant for the reason that such order has reasonable support in substantial evidence.

2) The district court erred in awarding the sum of $1,760. plus interest since such action exceeded the jurisdiction of the trial court under the Administrative Procedure Act.

Mrs. Hill was employed by the San Antonio State Chest Hospital in April 1971, and worked there until February 20, 1975. On May 6, 1973 she suffered an injury to her right arm while on duty and in the hospital building. Such injury occurred when she attempted to prevent a patient from throwing a food tray; arose out of her employment; and while she was acting within the scope and course of such employment. Mrs. Hill continued to work after her injury until February 20, 1975 when she was hospitalized for "neuromyositis, esophagitis, and hiatus hernia". She was in the hospital 13 days, and never returned to work. She made claim November 3, 1975 for occupational disability retirement benefits. Hearing was had before the System which denied the claimed benefits. Mrs. Hill thereafter filed suit in the District Court to set aside the decision of the Board of Trustees of the System denying her occupational disability retirement benefits.

The Board determined that Mrs. Hill did not carry her burden to prove that her total disability of November 1975, was in fact caused by the injury to her right arm which occurred on May 6, 1973.

Mrs. Hill's right to judicial relief from the Board's determination is governed by the substantial evidence rule. That rule imposes an important limitation on the power of the courts to overturn a decision of the administrative agency. The party aggrieved by the administrative decision is not entitled to a trial de novo in court, but must assume the burden of satisfying the courts that the administrative decision is illegal, arbitrary, or capricious; that is, that it is not reasonably supported by substantial evidence. The administrative agency is the fact finding body and the question to be determined by the courts is strictly one of law. Furthermore, the question must be determined by the courts from a consideration of the entire record in the case as that record has been made in the trial court. The test is not whether the evidence admitted in court preponderates against the administrative decision. The test is whether the administrative decision finds *reasonable* support in *substantial* evidence. *Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks*, 150 Tex. 433, 242 S.W.2d 181.

And the court determines from all of the evidence before it, the entire record, whether the administrative agency's action, is or is not reasonably supported by substantial evidence. The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the court.

The word "reasonably" has been deliberately used in the statement and its user gives to the judicial review a broader scope than it would have if *some* evidence were regarded sufficient to sustain the commissioner's order. *Lewis v. Southmore Savings Association*, Tex., 480 S.W.2d 180.

Mrs. Hill's injury to her right arm occurred on May 6, 1973. Such injury was a muscle pull below the right elbow. The

x-rays revealed no fracture or dislocation. She continued to work until February 20, 1975, on which date she was hospitalized for 13 days with: 1) neuromyositis, 2) esophagitis, and 3) hiatus hernia; never returned to work, and became permanently disabled as of November 3, 1975. The question before the Board was whether her permanent disability was the result of the injury to her right arm on May 6, 1973. Mrs. Hill had the burden of proof that such injury did result in her later permanent disability. The Board determined from the evidence before it that she did not carry such burden.

■ Mrs. Hill was born in 1919; was 54 years of age on May 6, 1973; the accident report she placed in evidence reflected that she pulled a muscle in her right wrist and muscle below her elbow; the examining doctor noted that her arm was tender, but there was no limitation of movement and no evidence of a fracture; Mrs. Hill's application for disability retirement stated she worked for 2 years after the injury "without sufficient rest and developed neuromyositis, esophagitis and hiatus hernia. After therapy and treatment am still unable to work. I was in hospital 13 days. * * * condition growing worse because my nervous condition renders me incapable of functioning in any work whatsoever". Dr. Rosenthal's letter of May 7, 1976 introduced by Mrs. Hill states: "She apparently strained her arm and shoulder and had continuing physical painful symptoms. She continued to work from May 1973 to February 1975 in spite of the pain. Now she claims that her arm throbs and aches all the time. Her physical examinations have been within normal limits * * *. It * * * is my overall suspicion that this patient is having real physical symptoms at present. The fact that the physical cause for the symptoms has not been able to be detected does not rule that out * * * ". X-rays taken May 8, 1973 revealed no evidence of fracture or dislocation; and x-rays taken June 11, 1973 revealed no evidence of fracture or dislocation and "no apparant change is seen in the appearance of the right forearm when compared to the examination of one month ago".

Examination on June 4, 1973 reflected Mrs. Hill "has traumatic neuritis of median nerve". She was treated June 14, 1973; and on July 11, 1973 on which date she was found to be doing much better and the Doctor's report reflects "I feel patient is going to have complete recovery"; and on August 14, 1973 the Doctor's report reflects "Patient continues to recover movement of the hand". And on November 24, 1974 Dr. Sanders noted: "This patient had what was apparently contusion of the median nerve on the right. She is still having a fair amount of pain in the arm. There is essentially full function of the right upper extremity. This patient may have a low grade dystrophy problem. She really should not try to deny this hand, but make every effort to use it". In her statement for disability dated July 8, 1975 Mrs. Hill states her disability commenced on February 20, 1975 was 1) Neuromyositis; 2) Hiatus Hernia and 3) Esophagitis; and her examining Doctor Shannon states "3. Did this sickness or injury arise out of patient's employment? Ans. *No* ".

Dr. Rosenthal made an affidavit for Mrs. Hill on June 11, 1976 stating "In my opinion she is presently disabled as a result of the injury suffered in the scope of her employment at the chest hospital in 1973. Further, as the course of her present symptomatology has not been determined in reasonable medical probability, the symptoms may not improve and may continue to be disabling on a permanent basis".

Mrs. Hill testified that when she did not go back to work after her hospitalization in February 1975 because "my arm had gotten so painful that I couldn't get enough rest and it continued to become more aggressive and painful and I just can't stand up to it".

Dr. Vivas testified that Mrs. Hill had a certain amount of recovery from her May 6, 1973 injury, but "still there were certain residuals there that he [the treating doctor] couldn't account for". He further testified: "Q. So we can conclude * * * that in reasonable medical probability the problems that she's having with her arm is traceable

to an on-the-job injury in May of 1973. Ans. It's possible". * * * `"Q. We've come then I think * * * to the conclusion that the injury which we're talking about was in reasonable probability job related, and is at least to some degree disabling. Or at least it is consistent with some degree of disability. Ans. Well, I have to say yes. Q. I agree, I think you do too. So we come to the final question of the nature of the disability, whether or not the disability is a permanent type of disability. Now, in your opinion, is this type of disability, first let me ask you, it can be permanent, I know, you could continue to have this type of problem, could you not? Ans. Yes".

▌Appellee asserts that much of the documentary evidence admitted before both the Board and the trial court, including some of the documentary evidence introduced by appellee, is hearsay and cannot be considered.

Section 14(q) Article 6252–13a VATS provides:

"In connection with any hearing held under the provisions of this Act, official notice may be taken of all facts judicially cognizable. In addition, notice may be taken of generally recognized facts within the area of the agency's specialized knowledge. Parties shall be notified either before or during the hearing, or by reference in preliminary reports or otherwise, or the material officially noticed, including any staff memoranda or data, and they must be afforded an opportunity to contest the material so noticed. * * *".

The record shows these provisions were complied with and the Board did take notice of matters contained in appellee's file. And Mrs. Hill did not object to their introduction. Further, we think the matters complained of were further admissible under Art. 3737e VATS.

Article 6228a Sec. I, requires that the disability arose from an injury resulting directly from a specific act or occurrence determinable by a definite time and place.

The disability here is Hiatus Hernia, Esophagitis which there is evidence are com-

pletely unrelated to the May 6, 1973 accident, and there is no clear and positive evidence that the diagnosis of neuromyositis can be attributed to the May 6, 1973 occurrence.

If this was a trial before us as fact finders, we might well differ with the Board, but we nevertheless find and hold that the Board's decision has reasonable support in the evidence, and we, nor the trial court, under the authorities cited can substitute our discretion for that committed to the Board by the Legislature.

Appellant's point one is sustained:

The judgment of the trial court is reversed and judgment is here rendered sustaining the order of the Retirement System denying appellee occupational disability benefits.

REVERSED AND RENDERED.