**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF NAVASOTA, Appellant,**

v.

**COMMUNITY SAVINGS AND LOAN ASSOCIATION OF COLLEGE STATION, Texas, et al., Appellees.**

No. 6059.

Court of Civil Appeals of Texas, Waco.

Dec. 20, 1979.

Rehearing Denied Jan. 24, 1980.

Dudley D. McCalla, Heath, Davis & McCalla, Austin, for appellant.

John J. McKay and Robert B. Burns, Jr., McKay & Burns, P. C., Austin, John L. Hill, Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Thomas M. Pollan, Catherine Brown Fryer, Asst. Attys. Gen., Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by First Federal Savings and Loan Association of Navasota from judgment of the trial court affirming an order of the Savings and Loan Commissioner of Texas, which granted a branch office at Navasota to Community Savings and Loan Association of College Station.

Community Savings and Loan of College Station made application to the Savings and Loan Commissioner to establish a branch at Navasota. First Federal Savings and Loan of Navasota opposed the application. After hearing the Commissioner approved the application. First Federal Savings and Loan of Navasota filed suit alleging certain findings and the order of the Commissioner were not reasonably supported by substantial evidence.

Trial was to the court which found the order of the Commissioner supported by substantial, competent evidence and in all respects a valid and legal order, and which decreed such order be affirmed.

First Federal Savings and Loan of Navasota appeals on 6 points.

Points 1 through 3 assert the trial court erred in holding the Commissioner's order and his findings 1) of public need and sufficient volume of business; 2) "that Savings and Loan associations are underparticipating in the mortgage loan market in the county"; 3) that Dr. Branson "applied an appropriate and reasonable savings flow factor" and that Dr. Branson's savings calculations were "sound approaches"; are reasonably supported by substantial evidence.

First Federal Savings and Loan of Navasota as contestant, had the burden of proving that the order of the Commissioner was not supported by substantial evidence as it appears in the record of the hearing before the Commissioner, which record is made the basis of review by the District Court. The order of the Commissioner is presumed to be a valid exercise of the power and discretion conferred on him. The court determines from all the evidence before it, the entire record, whether the Commissioner's action is or is not reasonably supported by substantial evidence. The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the Court. The word "reasonably" has been deliberately used in the statement and its use gives to judicial review a broader scope than it would have if *some* evidence were regarded sufficient to sustain the Commissioner's order. *Lewis v. Southmore Savings Assn.*, Tex.Sup., 480 S.W.2d 180; *Employees Retirement System v. Hill*, Tex.Civ.App. (Waco) NRE, 557 S.W.2d 819.

The Commissioner ordered that the application of Community Savings and Loan of College Station for a branch office in Navasota be granted, and made a number of findings in support of such order which included: 1) "There is a public need for the proposed branch office and the volume of business in the community in which the proposed branch office will conduct its business is such as to indicate a profitable operation to the association within a reasonable period of time"; 2) "Upon this data it is found that savings and loan associations are underparticipating in the mortgage loan market in the county, and there is a need for an additional savings and loan service available to the public to do business in the local mortgage loan market. It is further found that the proposed branch of Community Savings and Loan Association will fill an existing need in this regard"; 3) "In a series of studies witness Branson has applied the per capita income data to the population data to obtain total personal income for each of the census divisions (as portions thereof) in the proposed service area. To this income, he has then applied an appropriate and reasonable savings flow factor (based on savings experience), to determine the amount, in dollars, available for savings out of personal income to savings and loan associations, for each of the years 1976, 1977 and 1978. *The Commissioner finds this to be a realistic and practical* approach to the matter of determining potential savings available to savings and loan associations in the area".

Dr. Branson, an economist, testified that Navasota is at the center of the proposed service area which includes portions of Grimes County (less the Bedias census tract); the Magnolia and Montgomery census tracts of Montgomery County; a portion of the South Brazos census tract of Brazos County; the Washington census tract of Washington County; and the Hempstead and Waller tracts of Waller County. Highways 6, 90 and 105 intersect at Navasota; and three railroads intersect at Navasota. This is an important agricultural area, and agricultural income is up substantially. There are 39 agri-business

firms in Navasota as well as 18 industrial firms; a large livestock auction which in 1975 handled $15,000,000. gross sales; that 80 different Texas towns were represented in the customer tabulation at the livestock auction; that farm income in the proposed service area has increased from $33.1 million in 1959 to $89.8 million in 1974; that gross business sales in the proposed service area increased from $187.5 million in 1965 to $759.9 million in 1974; and the first half totals for 1975 increased by $96. million over the first half of 1973; progress increased from $91. million in 1969 to $278.5 million in 1974; vehicle registrations increased from 51,000 in 1960 to 112,400 in 1975.

A deed of trust survey (1974–1975) reflected that at the $100,000 and under levels community savings and loans (without an office in Navasota) had 3% of the market, while First Federal at Navasota had from 6% to 11%; that all savings and loans held only 15% to 21% of the market, compared with banks handling 34% to 38%; and individuals handling from 35% to 46% of the market. Survey of the $50,000 and lower level showed savings and loan associations served 17.6% to 25% of the business; that banks served 33%; and that individuals served 36% to 46%. Bank deposits in the proposed service area increased from $26. million in 1969 to $58.5 million by September 1975.

A detailed "savings plan" study was made; this being a study of annual flows of savings to associations in the area as related to the comparable annual personal income for each such area. Relation of the one to the other produces a "savings flow ratio". The study reflected sufficient savings flow for the proposed branch to show a profit beginning in the second year, and a profit and recovery of first year losses by the third year.

■ From the record as a whole we conclude there is substantial evidence of a public need for the branch office; of a sufficient volume of business to indicate a profitable operation of the branch office by the

second year; and an absence of evidence of undue harm to existing institutions.

We hold that the Commissioner's order and the three complained of findings are supported by substantial evidence.

Points 1, 2 and 3 are overruled.

Point 4 asserts the trial court erred "in holding that the Commissioner's finding that the community to be served by the proposed branch office was all of Grimes County, Texas" is supported by substantial evidence.

The trial court made no such finding. The trial court found that "the area proposed to be served generally includes southern Grimes County (all the county less the Bedias census division)", plus the other areas detailed supra.

Point 4 is without merit, and is overruled.

■ Point 5 asserts the trial court erred in holding that the failure of the order to make a finding regarding the character, responsibility and general fitness of the persons named in the applicant's articles of incorporation did not render the order invalid.

This was an application for a branch office, made by an association which had been in business for many years. The rules for branches make no requirement that there be a finding about persons named in the articles of incorporation.

Point 5 is without merit, and is overruled.

Point 6 asserts the trial court erred in holding that the order's failure to contain a concise and explicit statement of underlying facts alleged to support the Commissioner's findings regarding the character, responsibility and general fitness of the managing personnel of the applicant was not grounds for invalidating the order.

The order finds in Section II(8): "The character and responsibility and fitness of the applicant association and its managing personnel is such as requires the conclusion and warrants the belief that the business of the branch office of the association will be honestly, properly and efficiently conducted in accordance with the intent of the Savings and Loan Act.

Subsequent to the above the order further finds: "The applicant will have a full time management, including a qualified manager having at least five years savings and loan experience, who will be closely supervised by the executive officers of applicant. * * *

"With regard to the finding of honest and efficient management made in Section II(8) of this order it is found: The Board of Directors of applicant consists of 9 persons, all of whom are reputable, outstanding citizens, who have the public trust; they are of good character, and fitted and suited to conduct the affairs of applicant and the business of the branch office, and the same findings are made to apply to the officers of the association who are not directors, and as to the proposed manager. The evidence reflects, and it is found that these persons are among the outstanding citizens of Bryan, College Station and Navasota. Mr. H. E. Burgess is Chairman of the Board and has been since 1966. Mr. Hervey is President and has been since 1966. One of the Directors Mr. W. E. Gibson is a resident of Navasota.

"Also in this regard it is found that applicant has no supervisory problems. Its latest examinations by the regulatory authorities, both State and federal have been completed, and it has also had an independent audit; and it has no operation problems of any kind, nor does it have any deficiencies in its accounts of any kind, nor have any complaints been made against it. No reason is known to exist why this applicant is not fully capable of properly operating the proposed office, it appearing to be in all respects a properly operated association".

Point 6 is without merit, and is overruled.

The order and complained of findings are supported by substantial evidence.

All of First Federal Savings and Loan of Navasota's points and contentions have been considered and are overruled.

AFFIRMED.