TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00803-CV







Scott A. Lukes, Appellant


v.



Employees Retirement System of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 95-01198, HONORABLE PAUL DAVIS, JUDGE PRESIDING 








 Appellant Scott A. Lukes applied for occupational disability retirement benefits
through the Employees Retirement System of Texas ("ERS"). After the ERS Board of Trustees (the
"Board") denied his claim, Lukes filed suit in district court seeking judicial review of the Board's
interpretation of "occupational disability." See Tex. Gov't Code Ann. § 811.001(12) (West Supp.
2001). The district court dismissed Lukes's case for want of jurisdiction and denied his application
for writ of mandamus. Lukes appeals the district-court judgment by eight issues, claiming that there
are both statutory and constitutional grounds for jurisdiction and, alternatively, that the district court
erred in denying his application for writ of mandamus. We will reverse and remand.


FACTUAL AND PROCEDURAL BACKGROUND


 On July 14, 1992, while employed by the Texas Department of Human Services, 
Lukes sustained an injury to his back as a result of lifting and carrying a box of training manuals. 
Lukes had prior back injuries that had required surgeries in 1984 and 1985. He applied to ERS for
occupational disability retirement benefits on April 29, 1993. ERS's executive director denied his
claim on the grounds that this particular injury was an "aggravation of a preexisting injury" and that
it did not fall within the definition of "occupational disability" found in Texas Government Code
section 811.001(12). Id. (1) Lukes commenced the appeal procedure and his case was referred by the
executive director to an administrative law judge who, following a hearing, issued a proposal for
decision recommending that Lukes's claim be denied. (2) The Board adopted the proposal for decision
and issued a final order on November 15, 1994 denying Lukes's claim for occupational disability
retirement benefits. See id. § 814.204(d).

 Lukes sought judicial review of the Board's final order by filing the district-court suit. 
He alleged statutory and constitutional grounds for the district court's jurisdiction and, in the
alternative, filed an application for writ of mandamus. ERS filed a plea to the jurisdiction
challenging the district court's ability to hear the case. The district court granted the plea, dismissed
Lukes's suit for want of jurisdiction, denied his constitutional claims, and denied his application for
writ of mandamus. Lukes now appeals by eight issues.


DISCUSSION


Standard of Review

 Subject-matter jurisdiction is essential to the authority of a court to decide a case. 
Rylander v. Caldwell, 23 S.W.3d 132, 135 (Tex. App.--Austin 2000, no pet.) (citing Texas Ass'n
of Business v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993)). "A plea to the jurisdiction
challenges the trial court's authority to determine the subject matter of a specific cause of action." 
Caldwell, 23 S.W.3d at 135 (citing Texas State Employees Union/CWA Local 6184 v. Texas
Workforce Comm'n, 16 S.W.3d 61, 65 (Tex. App.--Austin 2000, no pet.)). In order to prevail, the
party asserting the plea to the jurisdiction must show that even if all the allegations in the plaintiff's
pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the
pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court. 
See id.

 Because subject-matter jurisdiction presents a question of law, we review the district
court's decision de novo. See id. In reviewing a trial court's ruling on a plea to the jurisdiction, we
do not look at the merits of the case; rather, we "construe the pleadings in favor of the plaintiff," look
to the pleader's intent, and accept the pleadings' factual allegations as true. Id. "The truth of the
plaintiff's allegations is at issue only if the defendant pleads and proves that the allegations were
fraudulently made to confer jurisdiction on the court." Id. Further, "a court deciding a plea to the
jurisdiction is not required to look solely to the pleadings but may consider evidence and must do
so when necessary to resolve the jurisdictional issues raised." Bland ISD v. Blue, 34 S.W.3d 547 

(Tex. 2000).

Jurisdiction Under the Government Code

 By his third issue, Lukes argues that the district court had a statutory basis for
jurisdiction under section 815.511 of the Texas Government Code. See Tex. Gov't Code Ann.
§ 815.511(b). (3) Section 815.511(b) provides for judicial review of Board decisions under the
substantial-evidence standard of review. Id. ERS argues that because Lukes's case was already
pending in the district court when section 815.511 became effective, the statute does not apply. ERS
agrees that the judicial review provision does apply to agency decisions made after the statute's
effective date. Lukes contends, however, that section 815.511 is a remedial statute, impairs no
vested property rights, and should therefore be applied retrospectively. 

 ERS relies on the code construction act, which states the general rule that "[a] statute
is presumed to be prospective in its application unless expressly made retrospective." Id. § 311.022
(West 1998). However, the general rule does not apply to remedial or procedural statutes. Reames
v. Police Officers' Pension Bd., 928 S.W.2d 628, 631 (Tex. App.--Houston [14th Dist.] 1996, no
writ). 

 A remedial statute controls litigation from the time it becomes law and any
proceedings taken thereafter must be under the new law. Phil H. Pierce Co., v. Watkins, 263 S.W.
905, 907 (Tex. 1924); Price Pfister, Inc. v. Moore & Kimmey, Inc., 48 S.W.3d 341, 354 (Tex.
App.--Houston [14th Dist] 2001, no pet.). "A remedial statute is one which introduces a new
regulation for the advancement of the public welfare or conducive to the public good, one enacted
to afford a remedy, to improve and facilitate existing remedies, or one intended to correct defects,
mistakes, and omissions in the laws of the State." Sims v. Adoption Alliance, 922 S.W.2d 213, 217
(Tex. App.--San Antonio 1996, writ denied) (emphasis added) (citing Rey v. Acosta, 860 S.W.2d
654, 657 (Tex. App.--El Paso 1993, no writ)). Section 815.511 falls within this definition in two
ways. 

 The first and most obvious interpretation is that the statute was "enacted to afford a
remedy" by providing judicial review of agency decision making. Sims, 922 S.W.2d at 217. The
second is that it was enacted to "correct . . . omissions in the laws of the State." Id. The intent of
the legislature might have been to simply codify preexisting procedure and clarify that the standard
of review is by substantial evidence. A search of the legislative history of the statute reveals nothing
of the legislature's intent. However, the fact that ERS decisions were judicially reviewed before the
1995 enactment of section 815.511 lends credence to the argument that judicial review existed prior
to the enactment of section 815.511. See, e.g., Bond v. Employees Ret. Sys., 825 S.W.2d 804 (Tex.
App.--Austin 1992, writ denied); Walker v. Employees Ret. Sys., 753 S.W.2d 796 (Tex.
App.--Austin 1988, writ denied); Employees Ret. Sys. v. Hill, 557 S.W.2d 819 (Tex. App.--Waco
1977, writ ref'd n.r.e.). 

 Under either interpretation, section 815.511 fits the definition of a remedial statute
and is excepted from the general pronouncement of section 311.022 of the government code. See
Reames, 928 S.W.2d at 631. We hold that section 815.511 applies retrospectively to Lukes, whose
case was pending at the time of the statute's enactment. Because we hold that the district court had
subject-matter jurisdiction, we need not reach Lukes's other issues. See Tex. R. App. P. 47.1
(opinion to be as brief as practicable to decide issues necessary to final disposition).


CONCLUSION


 Having determined that the district court had jurisdiction to hear this case, we reverse
the district court's judgment and remand this case for further proceedings.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Puryear. 

Reversed and Remanded

Filed: November 1, 2001

Publish

1. Section 811.001(12) states that,


"Occupational death or disability" means death or disability from injury or disease that
directly results from a specific act or occurrence determinable by a definite time and
place, and directly results from an inherent risk or hazard peculiar to a duty that arises
from and in the course of state employment.


Tex. Gov't Code Ann. § 811.001(12) (West Supp. 2001).
2. Although not clear from the record before us, it appears that ERS and Lukes followed the
procedure set forth in the Texas Administrative Code. See 34 Tex. Admin. Code § 67.1-.111 (West 
2001) (Employees Ret. Sys.).
3. Lukes's suit was pending in the district court when this statute was passed in 1995. See Act
of May 26, 1995, 74th Leg., R.S., ch. 586, § 29, 1995 Tex. Gen. Laws 3385, 3394. The statute was
amended in 1999 and, without any substantive changes, the original statute became subsection (b). 
See Act of May 29, 1999, 76th Leg., R.S., ch. 1541, § 29, 1999 Tex. Gen. Laws 5292, 5299. We cite
to the 1999 version for convenience.