**William Thomas WAGNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–030–CR.**

Court of Appeals of Texas, Texarkana.

Oct. 7, 1986.

Rehearing Denied Nov. 12, 1986.

---

**2.** Visibility was relatively unobstructed to the front of the cab.

Bruce Condit, Harkness, Friedman, Kusin and Condit, Texarkana, for appellant.

Neal Birmingham, Crim. Dist. Atty., Cass County Courthouse, Linden, for appellee.

CORNELIUS, Chief Justice.

William Thomas Wagner was convicted of driving while intoxicated and assessed punishment at one year in jail and a $1,000.00 fine. On appeal he contends that certain evidence was improperly admitted, that his motion for directed verdict should have been granted, and that the trial court should have submitted a requested charge on reckless driving as a lesser included offense. We overrule these contentions and affirm the judgment.

On October 7, 1984, Department of Public Safety patrolman Larry Aycock noticed Wagner's car weaving back and forth on the highway. Aycock stopped the car and approached Wagner to determine the cause of the erratic driving. Aycock observed that Wagner's eyes were glazed and that his breath smelled of alcohol. When Wagner stepped from the car, Aycock noted that his balance was unsteady. Aycock took Wagner to the Criminal Justice Center in Linden and videotaped his compliance with several sobriety tests, including an intoxilyzer analysis. The intoxilyzer results found Wagner's alcohol concentration to be 0.12.

At trial the State introduced the videotape which Aycock had made of Wagner shortly after the arrest. Wagner asserts that the tape should have been excluded from evidence because the State failed to prove the manner of its preservation and that it had not been altered.

■ Officer Aycock testified that he took Wagner to a room where the videotape was taken, and that the tape as shown faithfully depicted the scene it purported to represent, i.e. "what went on in that room." Some of the tape had been excised pursuant to Wagner's objections before it was shown to the jury. The testimony of the officer was sufficient to show that the portion introduced and shown to the jury had not been damaged or altered.

■ Although the accuracy and authenticity of such a tape should be established before admitting it in evidence, the specific requirements of Tex.Code Crim. Proc.Ann. art. 38.22 (Vernon 1979 & Supp. 1986) do not apply to a videotape taken in connection with a driving while intoxicated charge pursuant to Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1986). Article 38.22 is based on the privilege against self-incrimination, and it applies only to recordings of testimonial confessions made as a result of custodial interrogation. Section 24 of the Act of June 16, 1983, ch. 303, Tex.Sess.Law Serv. 1605 (Vernon 1983), provides for visually recording the *appearance* of persons charged with driving while intoxicated. Representations of a person's appearance are not prohibited by the Fifth Amendment protection against self-incrimination. *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Delgado v. State,* 691 S.W.2d 722 (Tex.App. —San Antonio 1985, no pet.); *see also,* Annot., 62 A.L.R.2d 686, 701 (1958). Moreover, Wagner's objection to the introduction of the tape was not adequate. Defense counsel made a general objection stating, "I don't believe a proper predicate has been laid for admission of the tape. . . ." He renewed his objection moments later, adding, "Your Honor, there is a statute that governs how to admit these things into evidence, . . . ."

■ An objection to the admission of evidence on the ground that no proper predicate has been laid is too general to merit consideration except where the specific ground is apparent from the context or, it has been held, the evidence is inadmissible for any purpose. 35 Tex.Jur.3d *Evidence* § 32 (1984). Any omissions in the predicate must be specifically complained of. *Bird v. State,* 692 S.W.2d 65 (Tex.Crim.App.1985); *Harris v. State,* 565 S.W.2d 66 (Tex.Crim.App.1978); *Boss v. State,* 489 S.W.2d 582 (Tex.Crim.App.1972); *Bennett v. State,* 394 S.W.2d 804 (Tex. Crim.App.1965); *see also, Zillender v. State,* 557 S.W.2d 515 (Tex.Crim.App.1977).

■ In addition, the evidence is sufficient to sustain the conviction regardless of the presence or absence of the videotape. The evidence includes Aycock's testimony concerning Wagner's abnormal driving and physical condition. The intoxilyzer result in itself proves that Wagner was legally intoxicated. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1986). The jury could have convicted Wagner on the basis of that evidence alone. *Forte v. State*, 707 S.W.2d 89 (Tex.Crim.App.1986).

■ Wagner urges that his motion for directed verdict should have been granted because the State failed to prove that 210 liters of breath were used in the intoxilyzer test to determine the alcohol concentration in his blood. He contends that such proof is an essential element of the offense. Article 6701*l*–1 defines intoxicated as follows:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2) (Vernon Supp.1986). Alcohol concentration is defined as, among other things, the number of grams of alcohol per 210 liters of breath.

As there was additional evidence of Wagner's intoxication apart from the intoxilyzer result, the trial court did not err when it denied the motion for directed verdict. Additionally, the intoxilyzer test result was not incompetent evidence. An expert witness testified that the intoxilyzer machine was in proper working order, and that when it registered a level of .12 (as in Wagner's case) it meant there were twelve grams of alcohol in 210 liters of the person's breath. There was no objection to this testimony. It was not necessary to show that 210 liters of breath were actually measured.

■ Wagner additionally contends that the trial court erred in refusing his submitted charge on the lesser included offense of reckless driving. A two-step analysis is used to determine whether a charge on a lesser included offense is required. *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981). First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty he is guilty of only the lesser offense. Applying these principles to the present facts requires an analysis of each alleged offense.

■ Wagner was charged with violation of Article 6701*l*–1. To violate this article a person must be intoxicated while driving or operating a motor vehicle in a public place. To constitute reckless driving, on the other hand, a person must drive a vehicle in willful or wanton disregard for the safety of persons or property. Tex.Rev.Civ.Stat. Ann. art. 6701d, § 51(a) (Vernon 1977). It is obvious that proof of the elements of reckless driving are not necessary to establish the offense of driving while intoxicated under Article 6701*l*–1. The first prong of the *Royster* test is therefore unmet. Thus, it was not error for the trial court to refuse a charge on reckless driving.

The judgment of the trial court is affirmed.