EMPLOYEES RETIREMENT SYSTEM OF TEXAS, Appellant,

v.

**Helen L. FOY, Appellee.**

No. 03-94-00223-CV.

Court of Appeals of Texas, Austin.

March 8, 1995.

Rehearing Overruled April 19, 1995.

Dan Morales, Atty. Gen., Christopher J. Maczka [Signed Brief], Roxanne Caperton, Asst. Attys. Gen., Gen. Counsel Div., Austin, for appellant.

Leon J. Barish [Signed Brief], Barish & Van Helden, Austin, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

POWERS, Justice.

The Employees Retirement System of Texas ("the System") appeals from a trial-court judgment reversing the System's final order in an administrative proceeding initiated in the agency by Helen L. Foy, a state employee and a member of the System. The order also remands the administrative proceeding to the agency "for further proceedings." We will reverse the trial-court judg-ment and render judgment dismissing the cause for want of subject-matter jurisdiction.

## THE CONTROVERSY

A member of the System may be entitled to "disability retirement benefits" (an annuity) under the provisions of sections 814.201–.603 of the Texas Government Code. Tex. Gov't Code Ann. §§ 814.201–.603 (West 1994). One class of such benefits is entitled "occupational disability" benefits; a member may obtain these benefits regardless of age or amount of service credit. *Id.* § 814.202(b). In this connection, the Code defines the term "occupational death or disability" as follows:

> death or disability from an injury or disease that directly results from a specific act or occurrence determinable by a definite time and place, and directly results from an inherent risk or hazard peculiar to a duty that arises from and in the course of state employment.

*Id.* § 811.001(12).

Alleging she met the qualifications necessary to receive the benefits established for an "occupational disability," Foy applied for a certificate of disability. *See id.* § 814.203. Following an agency rule-based proceeding, which is analogous to a contested-case hearing under the Administrative Procedure Act, the agency denied Foy's application.[1] *See* Administrative Procedure Act (APA), Tex. Gov't Code Ann. §§ 2001.001–.147 (West 1995). She sued in a district court of Travis County for judicial review of the agency decision, under the substantial-evidence rule and the terms of APA sections 2001.171–.178. After hearing, the trial court reversed the agency's final order denying Foy's application for the benefits. The System appealed to this Court.

## DISCUSSION AND HOLDINGS

■ Because a lack of subject-matter jurisdiction is fundamental error, we have raised on our own motion the issue of whether the trial court possessed subject-matter jurisdiction and, consequently, whether we have ap-

---

1. The "contested case" provisions are found in the Texas Administrative Code. *See* 34 Tex.Ad-min. Code §§ 67.1–.111 (1995).

pellate jurisdiction to hear and determine the single cause of action set out in Foy's petition. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 445 (Tex. 1993). We find no statute authorizing a cause of action for judicial review of the System's final decisions in disputed "occupational disability" proceedings. "It is well settled that there is no right of appeal from an administrative order unless the statute provides for the same or unless the order violates a constitutional right or adversely affects a vested property right." *Stone v. Texas Liquor Control Bd.,* 417 S.W.2d 385, 385–86 (Tex.1967). This precept rests primarily on the separation-of-powers doctrine, and only incidentally upon the doctrine that the State and its organs may not be sued without legislative consent. *See City of Amarillo v. Hancock,* 239 S.W.2d 788, 791 (Tex.1951) (Courts "should be doubly careful that they themselves do not extend their jurisdiction beyond that granted by the Constitution or legislature.").

Foy's post-submission brief raises several grounds for her claim that the trial court and this court on appeal have jurisdiction of her cause of action for judicial review of the System decision, under the substantial-evidence rule, based on the agency record, and determinable under APA sections 2001.171–178. Firstly, she notes that in at least two other instances appellate courts have "implicitly recognized" their jurisdiction to determine cases like the present case. She refers to our own decision in *Bond v. Employees Retirement Sys. of Texas,* 825 S.W.2d 804 (Tex.App.—Austin 1992, writ denied), and the Waco court decision in *Employees Retirement Sys. v. Hill,* 557 S.W.2d 819 (Tex. Civ.App.—Waco 1977, writ ref'd n.r.e.). In neither case is the issue of subject-matter jurisdiction discussed; apparently it was not raised by the parties or by the court on its own initiative. In each instance, however, the court decided the appeal on its merits, based explicitly on the agency record, and under the substantial-evidence rule. Nevertheless, we believe these two cases would have been decided differently had the issue of subject-matter jurisdiction been raised; and it is beyond question that a court may not by its own action, explicitly or implicitly,

expand its jurisdiction "beyond that granted by the Constitution or legislature." *City of Amarillo,* 239 S.W.2d at 791.

Foy contends next that section 2001.171 of the APA authorizes a cause of action for judicial review, of the kind conducted here in the trial court, in all instances where the legislature has not provided explicitly for such review of the decisions of a specific agency. Section 2001.171 provides as follows: "A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to a judicial review under this chapter." APA § 2001.171. Notwithstanding the generality of section 2001.171, the legislature intended the judicial-review provisions of the APA to be procedural only; they do not create a right to judicial review where the right does not exist by reason of another statute specifically granting the right. *Southwest Airlines v. Texas High Speed Rail Auth.,* 867 S.W.2d 154, 158 (Tex.App.—Austin 1993, writ denied); *Motorola, Inc. v. Bullock,* 586 S.W.2d 706, 708–09 (Tex.Civ.App.—Austin 1979, no writ). The reason is almost self-evident. State agencies do many things; they make many different kinds of decisions. These usually affect to some extent a person's "legal right," and the agencies may choose to take these actions only after trial-type procedures similar to "contested case" procedures required by the APA in sections 2001.001–.147. A theory that APA section 2001.171 entitles all persons "aggrieved" to "judicial review" in each instance "invites potentially serious consequences by ushering an unknown and indeterminate number of agency proceedings into the contested case category," and thus into the reviewing courts, even in such administrative controversies as the taking away of "good time" from thousands of state prisoners. Robert W. Hamilton & J.J. Jewett, III, *The Administrative Procedure and Texas Register Act: Contested Cases and Judicial Review,* 54 Tex.L.Rev. 85, 289 (1976). It is unlikely that the legislature intended to so overwhelm the few district courts of Travis county, where suits under APA section 2001.171 must be decided.

Foy argues next that her right to "occupational disability benefits" is a constitutional right; thus she cannot be denied her day in court. As indicated in *City of Amarillo,* a court may review an agency decision without legislative enactment in cases where it is alleged that a constitutional right has been violated or vested property right has been adversely affected by agency action. Foy did not allege such a cause of action seeking vindication of property or constitutional rights in an original action determinable according to evidence adduced in court and by the district court's application of the relevant law to those facts. She brought instead a cause of action to determine the lawfulness of the System's decision, under the substantial-evidence rule, based upon to the evidence adduced in the agency and the law applied by the agency, as reflected in the record of agency proceedings. In short, she asked the courts to interfere in an agency proceeding when no statute authorizes it. This is not to say, however, that she cannot now seek a remedy by an original suit in district court for mandamus or otherwise. We express no opinion in that regard.

Finally, Foy contends the district court had jurisdiction because the System's own rule created and gave her by implication the right of judicial review. The agency rules do not expressly create and authorize a suit for judicial review of agency final decisions. We reject the *implication* imputed to them by Foy because it is quite plain that an agency's rulemaking power cannot validly expand the agency's jurisdiction beyond that given expressly in the legislature's own enactments. *See generally Sexton v. Mt. Olivet Cemetery Ass'n,* 720 S.W.2d 129 (Tex.App.—Austin 1986, writ ref'd n.r.e.).

We find no merit in any of the grounds upon which Foy claims the district court had jurisdiction of the sole cause of action evident from the face of her live petition. Having decided that the trial court lacked subject-matter jurisdiction, and that we have none in consequence, we therefore reverse the trial-court judgment. And because the face of Foy's petition *affirmatively* demonstrates an absence of jurisdiction to determine the only cause of action she pleaded, we order that

the cause be dismissed for want of jurisdiction. *See Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804–05 (Tex.1989); 2 *Texas Civil Practice* § 8:15 (Diane M. Allen et al. eds., 1992 ed.).