Morgan v. ERS 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00205-CV







John W. Morgan, Appellant



v.



Employees Retirement System of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 91-15881, HONORABLE JERRY DELLANA, JUDGE PRESIDING







PER CURIAM



 Appellant John Morgan sued appellee Employees Retirement System of Texas for
judicial review of the System's order denying him occupational disability retirement benefits. 
After Morgan perfected his appeal of the district court's order affirming the System's decision,
the System moved to dismiss for lack of jurisdiction. The System claims that this Court's opinion
in Employees Retirement System of Texas v. Foy controls and requires dismissal of the cause. 896
S.W.2d 314 (Tex. App.--Austin 1995, writ denied).

 In Foy, this Court held that, because no statute authorized a cause of action for
judicial review of the System's decision on occupational disability benefits, the trial court lacked
subject-matter jurisdiction of such a cause. 896 S.W.2d at 316-17. Because Morgan likewise
sued for judicial review of the System's decision on disability retirement benefits, his case appears to fall squarely under the holding in Foy. Morgan does not claim to seek review of a
decision on payment of life, accident, and health insurance benefits. Review of such decisions
is separately governed by the Texas Employees Uniform Group Insurance Benefits Act, as this
Court recognized in Employees Retirement System of Texas v. Cash, 906 S.W.2d 204, 206 n.1
(Tex. App.--Austin 1995, writ requested); see Tex. Ins. Code Ann. art. 3.50-2, § 4B (West Supp.
1996). 

 Morgan responds that section 815.511 of the Government Code, which was added
to chapter 815 in 1995, authorizes judicial review of the System's decisions on disability
retirement benefits. Chapter 815 of the Government Code concerns the administration of the
state's public retirement systems. Section 815.511, titled "Appeal of Administration Decision,"
provides:



A person aggrieved by a decision of any retirement system administered by the
board of trustees denying or limiting membership, service credit, or eligibility for
or the amount of benefits payable by a system may appeal the decision to the
board. The appeal is a contested case under the administrative procedure law,
chapter 2001. On judicial appeal the standard of review is by substantial
evidence. (1)



Tex. Gov't Code Ann. (West Supp. 1996) (emphasis added).

 Assuming that this section creates a right to judicial review, the question arises
whether it applies to Morgan's cause of action. The Government Code states that the Code
Construction Act applies to the construction of each provision in the Code. Tex. Gov't Code
Ann. § 1.002 (West 1988). The Code Construction Act provides that "[a] statute is presumed to
be prospective in operation unless expressly made retrospective." Tex. Gov't Code Ann.
§ 311.022 (West 1988). The legislation enacting § 815.511 of the Government Code states only,
"This Act takes effect August 28, 1995." Act of May 26, 1995, 74th Leg., R.S., ch. 586, 1995
Tex. Gen. Laws 3385, 3401. Because the legislature did not expressly make section 815.511
effective retroactively, it is presumed to operate prospectively, applying to either orders of the
System rendered or petitions for judicial review filed after August 27, 1995. Both the order and
the petition in this cause predate August 27, 1995.

 Apart from the Code Construction Act, if section 815.511 is considered to be a
substantive amendment, the general rule calls for it to apply prospectively, with the same result
mentioned above. Texas Employers' Ins. Ass'n v. Smith, 592 S.W.2d 10, 14 (Tex. Civ.
App.--Texarkana 1979, no writ). If section 815.511 is a procedural or remedial amendment, the
legislature may make it apply retroactively. Merchants Fast Motor Lines, Inc. v. Railroad
Comm'n, 573 S.W.2d 502, 504 (Tex. 1978). When a statute is retroactive, however, it applies
to future steps taken in pending cases. Ex parte Abell, 613 S.W.2d 255, 260 (Tex. 1981); Exxon
Corp. v. Brecheen, 519 S.W.2d 170, 184 (Tex. Civ. App.--Houston [1st Dist.]), rev'd on other
grounds, 526 S.W.2d 519 (Tex. 1975). Because Morgan filed his petition for judicial review on
November 8, 1991, the new statute will not reach back to validate Morgan's past act.

 Under any view of it, therefore, section 815.511 does not relieve Morgan from the
holding in Foy. Because the district court lacked subject-matter jurisdiction over Morgan's cause
of action, we grant the System's motion, vacate the trial court's judgment, and dismiss the cause
for want of jurisdiction. Foy, 896 S.W.2d at 317.


Before Justices Powers, Aboussie and Kidd

Judgment Vacated and Cause Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: February 7, 1996

Do Not Publish

1. [1]  The last sentence of section 815.511 raises the question whether the legislature can by
implication create a cause of action for judicial review. We do not address that question here.


claims that this Court's opinion
in Employees Retirement System of Texas v. Foy controls and requires dismissal of the cause. 896
S.W.2d 314 (Tex. App.--Austin 1995, writ denied).

 In Foy, this Court held that, because no statute authorized a cause of action for
judicial review of the System's decision on occupational disability benefits, the trial court lacked
subject-matter jurisdiction of such a cause. 896 S.W.2d at 316-17. Because Morgan likewise
sued for judicial review of the System's decision on disability retirement benefits, his case appears to fall squarely under the holding in Foy. Morgan does not claim to seek review of a
decision on payment of life, accident, and health insurance benefits. Review of such decisions
is separately governed by the Texas Employees Uniform Group Insurance Benefits Act, as this
Court recognized in Employees Retirement System of Texas v. Cash, 906 S.W.2d 204, 206 n.1
(Tex. App.--Austin 1995, writ requested); see Tex. Ins. Code Ann. art. 3.50-2, § 4B (West Supp.
1996). 

 Morgan responds that section 815.511 of the Government Code, which was added
to chapter 815 in 1995, authorizes judicial review of the System's decisions on disability
retirement benefits. Chapter 815 of the Government Code concerns the administration of the
state's public retirement systems. Section 815.511, titled "Appeal of Administration Decision,"
provides:



A person aggrieved by a decision of any retirement system administered by the
board of trustees denying or limiting membership, service credit, or eligibility for
or the amount of benefits payable by a system may appeal the decision to the
board. The appeal is a contested case under the administrative procedure law,
chapter 2001. On judicial appeal the standard of review is by substantial
evidence. (1)



Tex. Gov't Code Ann. (West Supp. 1996) (emphasis added).

 Assuming that this section creates a right to judicial review, the question arises
whether it applies to Morgan's cause of action. The Government Code states that the Code
Construction Act applies to the construction of each provision in the Code. Tex. Gov't Code
Ann. § 1.002 (West 1988). The Code Construction Act provides that "[a] statute is presumed to
be prospective in operation unless expressly made retrospective." Tex. Gov't Code Ann.
§ 311.022 (West 1988). The legislation enacting § 815.511 of the Government Code states only,
"This Act takes effect August 28, 1995." Act of May 26, 1995, 74th Leg., R.S., ch. 586, 1995
Tex. Gen. Laws 3385, 3401. Because the legislature did not expressly make section 815.511
effective retroactively, it is presumed to operate prospectively, applying to either orders of the
System rendered or petitions for