**FIREMEN'S PENSION COMMISSION FOR THE STATE OF TEXAS and Corpus Christi Firemen's Relief and Retirement Fund, Appellants,**

v.

**Joseph JONES, Appellee.**

No. 03–96–00290–CV.

Court of Appeals of Texas, Austin.

Feb. 6, 1997.

Rehearing Overruled March 27, 1997.

James R. Bray, Jr., City Attorney, Linda Flores Resendez, Assistant City Attorney, City of Corpus Christi, Corpus Christi, for City of Corpus Christi Firemen's Relief & Retirement Fund.

Dan Morales, Attorney General, Roxanne Caperton, Assistant Attorney General, General Counsel Division, Austin, for Firemen's Pension Commission for the State of Texas.

Curtis B. Dyer, Corpus Christi, for Joseph Jones.

Before CARROLL, C.J., and POWERS and JONES, JJ.

JONES, Justice.

Appellants, Firemen's Pension Commission for the State of Texas ("the Commission") and Corpus Christi Firemen's Relief and Retirement Fund ("the Fund"), challenge a district court judgment reversing and remanding to the Commission a decision of the Firemen's Pension Commissioner. We will affirm the trial court's judgment.

## THE CONTROVERSY

Joseph Jones actively served as a firefighter with the Corpus Christi Fire Department from January 15, 1957, to January 28, 1981. On January 28, 1981, Jones was terminated due to a permanent disability. At the time he was terminated, Jones was forty-eight years old and had actively served as a fireman for twenty-four years.

Following his termination, Jones elected to continue to make payments into the Corpus Christi Firemen's Relief and Retirement Fund for seven and one-half years, pursuant to former section 10A(g) of Texas Revised Civil Statutes article 6243e and section 1(A)(6) of the pension plan adopted by the Trustees of the Corpus Christi Board of Firemen's Relief and Retirement Fund ("the Board"). *See* Act of April 4, 1963, 58th Leg., R.S., ch. 50, § 1, 1963 Tex. Gen. Laws 79, 80. Former section 10A(g) provided that a fireman who ends his full-time service with a fire department after having served for twenty years may elect to continue to make monthly payments into the Firemen's Relief and Retirement Fund until reaching age fifty-five, "at which time he shall be entitled to receive and participate in all pension benefits which would have accrued to him as an active full-time employee...." *Id.*

Jones applied for retirement benefits on July 28, 1988, at the age of fifty-five. The Board granted him retirement benefits based on twenty-four years of service. Believing

himself entitled to benefits based on the thirty-one and one-half years he had contributed to the fund, Jones filed for review of the Board's decision by the Commission. The Commission upheld the Board's decision. Jones filed a petition for review of the Commission's decision in a Travis County district court. The district court reversed, holding that Jones's benefit should have been computed on the basis of thirty-one and one-half years. The Commission and the Fund ask us to reverse the district court's decision.

## ANALYSIS

### Subject Matter Jurisdiction

We must initially address a jurisdictional issue. The Commission has filed in this Court a motion to dismiss the cause, asserting that the district court had no jurisdiction to entertain Jones's suit for judicial review.

■ A want of subject matter jurisdiction in the district court is fundamental error. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 445 (Tex.1993); *Firemen's & Policemen's Civil Serv. Comm'n v. Blanchard,* 582 S.W.2d 778, 778 (Tex.1979). It is well settled that a district court has jurisdiction to review an administrative agency order in only two circumstances: (1) the plaintiff's pleaded claim comes within a valid statute that assigns jurisdiction to the court; or (2) the plaintiff's pleaded claim is that the agency order deprived him of property without due course of law. *See Stone v. Texas Liquor Control Bd.,* 417 S.W.2d 385, 385–86 (Tex.1967); *Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 157 (Tex.App.—Austin 1993, writ denied). Jones did not bring a due-course-of-law claim. *Cf. Board of Firemen's Relief & Retirement Fund Trustees v. Hamilton,* 386 S.W.2d 754, 755 (Tex.1965). Therefore, we must consider whether a valid statute authorizes the appeal.

■ The applicable law is Texas Revised Civil Statutes article 6243e. Jones first argues that section 22 of article 6243e gives him a right to seek review of the Commission's order in a district court. We disagree. Section 22, entitled "Appeals from local board decisions," provides:

(a) A person aggrieved by a decision of the board of trustees relating to eligibility for or amount of benefits payable by a retirement system may appeal the decision to the fire fighters' pension commissioner.

(b) An appeal under this section is begun by delivering a notice of appeal with the chairman, secretary, or secretary-treasurer of the board of trustees that made the decision. The notice must be delivered not later than the 20th day after the date of the decision and contain a brief description of the reasons or grounds for appeal. The aggrieved person must file a copy of the notice with the fire fighters' pension commissioner.

(c) *An appeal under this section* to the fire fighters' pension commissioner is held in Austin and *is a contested case under the [Administrative Procedure Act]* conducted as a de novo hearing by the State Office of Administrative Hearings.[1]

Tex.Rev.Civ. Stat. Ann. art. 6243e, § 22 (West Supp.1997) (emphasis added).

Jones argues that the provision in section 22(c) that an appeal is a "contested case" under the Administrative Procedure Act ("APA") means that it is automatically entitled to judicial review. This Court has considered and rejected the argument that the APA itself grants a right to judicial review. *Employees Retirement Sys. v. Foy,* 896 S.W.2d 314, 315–17 (Tex.App.—Austin 1995, writ denied); *see also S.C. San Antonio, Inc. v. Texas Dep't of Human Servs.,* 891 S.W.2d 773, 776 (Tex.App.—Austin 1995, writ denied); *Southwest Airlines Co.,* 867 S.W.2d at 158. Section 22's provision that an appeal to the pension commissioner is a "contested

---

1. Section 22 actually refers to the repealed Administrative Procedure and Texas Register Act ("APTRA"). *See* Act of April 22, 1975, 64th Leg., R.S., ch. 61, 1975 Tex. Gen. Laws 136. APTRA's provisions are now codified at chapter 2001 of the Texas Government Code as the Administrative Procedure Act. *See* Tex. Gov't Code Ann. §§ 2001.001–.902 (West Supp.1997). We will refer to the current statute since no substantive change was intended by the codification. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen. Laws 583, 986; *see also Morgan v. Employees' Retirement Sys. of Tex.,* 872 S.W.2d 819, 821 (Tex.App.—Austin 1994, no writ).

case" under the APA does not bolster Jones's argument, because the APA does not guarantee judicial review of all contested cases. *See Foy,* 896 S.W.2d at 316.

Further, nothing in section 22 independently authorizes judicial review of the Commission's decision. On its face, section 22 addresses only an appeal from a local board decision to the pension commissioner rather than a district court's review of the pension commissioner's decision.

Next, Jones argues that the provisions of former section 18(a) of article 6243e govern this suit for judicial review since he filed a notice of intent to appeal the local board's decision on October 24, 1988.[2] From the creation of the Firemen's Relief and Retirement Fund on April 9, 1937, until September 1, 1989, section 18(a) provided that a "final decision or order by such Firemen's Pension Commissioner may be appealed and an appeal therefrom may be taken to the proper Court of Travis County, Texas having jurisdiction of the subject matter, upon the serving within twenty (20) days after date of such decision or order of a notice in writing of such intention to so appeal upon the adverse party." Act of April 9, 1937, 45th Leg., R.S., ch. 125, § 18, 1937 Tex. Gen. Laws 229, 237. Former section 18(a) clearly authorized judicial review of the Commissioner's order. However, the authorization was eliminated when article 6243e was rewritten effective September 1, 1989. *See generally* Act of May 15, 1989, 71st Leg. R.S., ch. 98, § 1, 1989 Tex. Gen. Laws 426–38.

■ The Commissioner argues that the rewriting of the statute constituted a withdrawal of the state's consent to be sued. It is true the state may withdraw its consent to sue even after suit is filed. *State v. Isbell,* 127 Tex. 399, 94 S.W.2d 423, 424 (1936). Similarly, if a cause of action is based on a statute, the repeal or amendment of the stat-ute without a savings clause for pending suits is given immediate effect. *Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382, 384 (Tex.1982). A savings clause is a clause providing that the former law is continued in effect for certain purposes. *City of Heath v. King,* 665 S.W.2d 133, 136 (Tex. App.—Dallas 1983, no writ).

■ Here, however, the former law was expressly continued in effect for "[m]embership that began, credit that was established, *administrative actions that were taken,* benefits that became payable, and retirements and deaths that occurred *before the effective date of the Act.*" Act of May 15, 1989, 71st Leg., R.S., ch. 98, § 2, 1989 Tex. Gen. Laws 426, 438 (emphasis added). In this case, the Board's decision was rendered on August 15, 1988, and Jones filed his petition for review with the Commissioner on October 24, 1988, both acts occurring before the September 1, 1989, effective date of the amendatory act. We therefore conclude that the savings clause continues in effect the law at the time the local board's decision was rendered, including the provision for review of the local board's decision by the Commissioner and the Commissioner's decision by the district court. *See City of Dallas v. Arnett,* 762 S.W.2d 942, 952 (Tex.App.—Dallas 1988, writ denied) (article that became effective after jury's verdict but before trial court's entry of final judgment did not prevent award of attorney's fees when savings clause provided that any remedy could be continued or enforced). Accordingly, the district court had subject matter jurisdiction because Jones's suit was authorized by statute. We overrule the Commission's motion to dismiss the cause.

### Benefits Payable

By their first points of error, the Commission and the Fund argue that the district

---

2. Article 6243e was rewritten in 1989. The primary purpose of the revision was to eliminate archaic or ambiguous language. *See* Bill Analysis of H.B. 1487; *see also* March 21, 1989, Letter from Bill Blythe, State Pension Review Board, to Senator Hugh Parmer. However, one substantive change made is that a person who retires after twenty years of service but before age fifty-five can no longer be required to continue to contribute to the fund. Tex.Rev.Civ. Stat. Ann. art. 6243e, § 13(c) (West Supp.1997). The rewritten statute further provides that service credit is calculated on the basis of the years that an active employee is required to contribute to the fund. *Id.* §§ 2(2); 10(a); 13(c). The parties agree that the 1989 amendments do not apply to this litigation.

court erred in interpreting article 6243e as requiring the Fund to calculate pension benefits based on the total number of years Jones contributed to the fund, even though he did not actively serve the last seven and one-half. We disagree.

Former section 10A(g) provided:

However, a fireman who terminates his full-time service from the fire department having completed twenty (20) years of active full-time service and having received his twenty (20) year pension certificate shall make the following election:

> (1) To receive an amount equal to the sum total of his monthly payments made while a participating member in the Firemen's Relief and Retirement Fund or,
>
> (2) To continue to make his monthly payments into the Firemen's Relief and Retirement Fund until he attains the age of fifty-five (55) years *at which time he shall be entitled to receive and participate in all pension benefits which would have accrued to him as an active full-time employee* ....

Act of April 4, 1963, 58th Leg., R.S., ch. 50, § 1, 1963 Tex. Gen. Laws 79, 80 (emphasis added).[3] Under former section 10A(g), a firefighter who had served at least twenty years but who was not yet fifty-five years old at the time he terminated his employment had the option of receiving only a refund of his prior contributions or continuing to make monthly payments into the Firemen's Relief and Retirement Fund until he reached the age of fifty-five, at which time he would receive a pension.

The Fund generally calculates total benefits payable by multiplying the monthly pension amount by the years of service credit. The Fund argues that the only "benefit" that accrues to a person who has terminated ser-

vice after twenty years but before age fifty-five is an increase in the monthly pension amount. The monthly pension amount payable to a person retiring in 1981 was $27.99 for each year of service or $617.76 for twenty-four years, and the monthly pension amount payable to a person retiring in 1988 was $65.35 for each year of service, or $1,568.40 for twenty-four years. The Fund maintains that, while the monthly benefit amount may increase after the fireman leaves active service, years of service credit must remain static. We disagree.

Former section 10A(g) provided that a vested employee who terminates his active service before age fifty-five but who continues to make contributions to the retirement fund is entitled to *"all* pension benefits which would have accrued to him as an active full-time employee." (Emphasis added.) If Jones had been an active full-time employee until 1988, he would have been eligible for any increased monthly pension benefit *and* the increased years of service credit. Under the Fund's interpretation, Jones would not have received anything for his continued contributions if the monthly pension amount had not increased, while an active full-time employee would have accrued additional years of service credit.

 The Fund argues further that former section 25A limited benefits payable to those in effect at the time Jones terminated his active service, regardless of his future contributions. We disagree. Former section 25A provided that:

> After a fireman who is a member of a "full paid" fire department ... terminate[s] his active service, the amounts of all allowances and benefits which such fireman or his beneficiaries may thereafter become entitled to receive from a Firemen's Relief and Retirement Fund shall be computed

---

**3.** Under former section 7F, a pension fund could modify the statutory provisions of article 6243e if a majority of the pension fund's participating members voted in favor of an actuarially approved change. Act of April 24, 1969, 61st Leg., R.S., ch. 174, § 3, 1969 Tex. Gen. Laws 508, 508–09.

Section 1(A)(6) of the pension plan adopted by the Corpus Christi Board of Firemen's Relief and Retirement Fund Trustees provides that "the

monthly pension benefit payable is the benefit in effect at the time a Fund member becomes eligible to receive a pension. This applies only to those members with 20 years of credited service who leave the fire service before becoming age 55 and continue as Fund members by making required contributions to the Fund until they become eligible to receive a pension." Neither party alleges that the Board's pension plan differs from the statutory plan in this regard.

on the basis of the schedule of allowances and benefits in effect for such Firemen's Relief and Retirement Fund at the time of the termination of such fireman's active service.

Act of August 4, 1961, 57th Leg., 1st C.S., ch. 53, § 1, § 25A, 1961 Tex. Gen. Laws 191. We conclude that former section 25A does not control former section 10A(g), because former section 10A(g) specifically addresses the situation in which an individual terminates his service after he has received his twenty-year certificate but before he has reached the age of fifty-five. A specific provision controls over a general one. *Holmes v. Morales,* 924 S.W.2d 920, 923 (Tex.1996). We overrule appellants' point of error one.

By its second point of error, the Commission argues that the district court violated the separation-of-powers doctrine by interpreting former section 10A(g) rather than simply deciding that the agency erred in its interpretation and remanding the issue to the agency. *See* Tex. Const. art. II, § 1. The Commission, citing *Davis v. City of Lubbock,* 160 Tex. 38, 326 S.W.2d 699, 714 (1959), argues that interpreting former section 10A(g) is a legislative act committed to the agency's discretion. We disagree.

 *Davis* involved a determination of public policy: whether conditions in a particular section of the city were detrimental to the city's public health, safety, morals, or welfare. This case involves the interpretation of a statute, which is a judicial rather than a legislative act. Although an agency's interpretation of a statute it administers is entitled to "serious consideration" if it is reasonable and does not contradict the plain language of the statute, *Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex. 1993), such an interpretation is a legal determination that does not bind the courts, *Texas Rivers Protection Ass'n v. Texas Natural Resource Conservation Comm'n,* 910 S.W.2d 147, 152 (Tex.App.—Austin 1995, no writ); *Cantu v. Central Educ. Agency,* 884 S.W.2d 565, 566 n. 2 (Tex.App.—Austin 1994, no writ). We have already determined that former section 10A(g) gives a terminated fireman the right to service credit for the years after termination and before he reaches age fifty-five, to the extent he makes additional contributions. We overrule the Commission's second point of error.

 By the Commission's third and the Fund's second points of error, appellants complain that the district court erred in failing to find that substantial evidence supported the Commission's conclusion. The standard for reviewing an agency's legal determination is *de novo,* even under the substantial evidence test. *In re Humphreys,* 880 S.W.2d 402, 404 (Tex.1994). The trial court did not purport to evaluate the issue under the substantial evidence standard, nor should it have. We overrule the Commission's third and the Fund's second points of error.

**CONCLUSION**

We affirm the trial court's judgment.