TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00267-CV






Marted, a Texas General Partnership, Appellant



v.



Central Education Agency and Mission Consolidated


Independent School District, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 94-11217, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 






 Marted, a Texas General Partnership ("Marted"), sued the Central Education Agency
("Agency") for judicial review of a decision issued by the Commissioner of Education ("Commissioner")
denying Marted's petition for detachment and annexation of a tract of land it owns. The Commissioner
based his decision on Marted's failure to comply with a now-repealed requirement of the Texas Education
Code. See Act of May 10, 1991, 72nd Leg., R.S., ch. 152, § 1, 1991 Tex. Gen. Laws 742, 742 (Tex.
Educ. Code Ann. § 19.0221(c), since repealed and recodified at Tex. Educ. Code Ann. §
13.051(b)(1)(B)) (hereinafter "former Educ. Code"). The district court affirmed the Commissioner's
decision, and Marted appeals. We will reverse.


FACTUAL AND PROCEDURAL BACKGROUND

 In March 1992 Marted acquired about forty acres of land from Dr. M. B. Smith in order
to develop it into a subdivision called The Woods at Cimarron. The subdivision was to contain estate-sized
lots and was to be a small part of a larger development. Soon after it had purchased the property, Marted
learned that about half of the lots within the property were in Mission Consolidated Independent School
District ("MCISD") and the other half were in Sharyland Independent School District ("SISD"). Pursuant
to former Educ. Code § 19.0221, Marted sought to transfer to SISD the portion of the subdivision lying
within the boundaries of MCISD. That statute required that a petition for detachment and annexation must
be "signed by the surface owners of taxable property, according to the most recent certified appraisal
roll, in the territory that is to be detached from one district and added to another." Former Educ. Code
§ 19.0221(c) (emphasis added). A petition for detachment and annexation, signed by representatives of
Marted, was filed in both school districts in October 1992. Both districts denied the petition. Marted filed
an appeal of the local decisions with the Commissioner. After a hearing on the merits, the Commissioner,
acting on behalf of the Agency, decided that Marted failed to meet the requirements of former Educ. Code
§ 19.0221(c) because Marted was not, at the time it filed the petition, listed on the most recent certified
appraisal roll as the surface owner of the property. Marted sought review of the Commissioner's decision
in the Travis County district court. The district court affirmed the Commissioner's decision, and Marted
now challenges that judgment.


DISCUSSION

 In its first point of error, Marted challenges the Commissioner's interpretation of former
Educ. Code § 19.0221(c), which provided the basis for the Commissioner's denial of Marted's petition
for detachment and annexation. On the date of Marted's petition, the most recent certified appraisal roll
still listed Dr. Smith as the owner even though Marted had been the actual surface owner of the property
for more than six months. The Commissioner concluded that the plain language of the statute required the
signature of the person listed on the appraisal roll, and that the petition should be denied because it did not
contain Dr. Smith's signature.

 The standard for reviewing an agency's legal determination is de novo. In re Humphrey's,
880 S.W.2d 402, 404 (Tex.), cert. denied, 115 S.Ct. 427 (1994); Fireman's Pension Comm'n v.
Jones, 939 S.W.2d 730, 735 (Tex. App.--Austin 1997, no writ). An agency's construction of a statute
deserves serious consideration as long as the construction is reasonable. See Tarrant Appraisal Dist. v.
Moore, 845 S.W.2d 820, 823 (Tex. 1993). However, we should not construe a statute in a manner that
will produce an absurd, unjust, or foolish result when it is reasonably susceptible of an alternative
construction. City of San Antonio v. Fourth Court of Appeals, 820 S.W.2d 762, 768 (Tex. 1991);
Anderson v. Penix, 161 S.W.2d 455, 458-59 (Tex. 1942).

 In his decision, the Commissioner discussed why the Legislature invoked the use of
appraisal rolls into the process of detachment and annexation: "[T]he purpose of tying these requirements
to the certified appraisal rolls of the relevant taxing authorities is no doubt to insure ready administration of
the law." We agree that the primary purpose appears to be to avoid a situation in which the Commissioner
would be called on to resolve a dispute over property ownership. However, no such dispute is present in
this case. Both sides acknowledge that Marted was the actual surface owner of the property in question
at the time the petition for detachment and annexation was filed.

 Appraisal rolls reflect ownership of property as of January 1 of a given tax year. See Tex.
Tax Code Ann. § 32.07 (West 1992) ("Tax Code"). The yearly updating of the appraisal rolls often is not
generated until the summer of the year in question. See Tax Code § 26.01. This process would, in the
present case, yield two unreasonable results. First, although Marted purchased the property in March, it
could not, under the Commissioner's construction, petition for detachment and annexation until the summer
of the following year, after issuance of the new updated appraisal roll showing its ownership, even though
all other rights of ownership were transferred to it at the time the property was purchased. An even more
anomalous result would be that the right to petition for annexation and detachment would remain in Dr.
Smith, the previous owner, for well over a year after he no longer had any right of ownership in the
property. (1)

 The Commissioner apparently believes he must, in all cases, use the appraisal roll as the
conclusive determination of who owns property and thus has the statutory right to petition for detachment
and annexation. Marted maintains that a more reasonable construction would consider appraisal rolls
merely as prima facie evidence of ownership. It suggests that the use of appraisal rolls as evidence of
ownership should be analogous to the way an appraisal roll is used in the Tax Code. In the Tax Code,
appraisal rolls serve only as prima facie evidence of ownership. See Tax Code § 33.47(a); General Elec.
Capital Corp. v. City of Corpus Christi, 850 S.W.2d 596, 600 (Tex. App.--Corpus Christi 1993, writ
denied). Under the Tax Code, a person may challenge the appraisal roll by asserting that he did not own
the property or that the property was not located in the taxing district as of January 1 of the tax year. See
Tax Code § 42.09(b)(1), (2); General Electric, 850 S.W.2d at 600.

 We believe the interpretation suggested by Marted is reasonable where there is no bona
fide dispute as to the ownership of the property in question. We do not decide whether parties operating
under former Educ. Code § 19.0221(c) may challenge the appraisal rolls before the Commissioner in other
circumstances; rather, we conclude only that under the facts of the present case, in which there is no dispute
that Marted was the surface owner of the property when the petition was filed, a reasonable construction
of the statute would allow Marted to petition for detachment and annexation.

 Appellee MCISD suggests that the severity of the Commissioner's interpretation of the
statute is softened in two ways. First, MCISD asserts that Marted could have had the appraisal rolls
"corrected" by using Tax Code § 25.25(b). It is not clear, however, that such a change would be possible
under that provision. An appraisal roll merely identifies the owner of the property as of January 1 of the
tax year, not at some later time. See Tax Code § 32.07. Thus, while section 25.25(b) allows for
correction of errors in the appraisal rolls, the listing of Dr. Smith as the owner on January 1 arguably was
not an "error" even after the property was sold to Marted. Neither MCISD nor the Commissioner points
to any case in which section 25.25(b) has been used to update the roll rather than correct errors. Without
deciding the extent to which section 25.25(b) may be so employed, we are not convinced this section
affords Marted the opportunity to update the appraisal rolls.

 Second, MCISD contends Marted could have bargained with the previous owner to get
his signature on the petition, just as buyers and sellers bargain over apportioning tax liability for a given year. 
However, the complexity involved with the transfer of tax liability is not present in the transfer of the right
to petition for detachment and annexation. It makes sense that the Legislature shifted the burden of
apportioning tax liability to the bargaining that goes on between buyer and seller. Nonetheless, we are not
convinced that the Legislature intended to shift to the transacting parties the decision of when the statutory
right to petition transfers from buyer to seller rather than to allow that right to transfer along with all the
other rights of ownership.

 Finally, MCISD points out that a related statute looks to the appraisal rolls for determining
total taxable value of property to be detached and annexed; from this, MCISD argues that allowing a
person not listed on the appraisal roll to file a petition for annexation and detachment would open the door
to challenges to the value reflected on the appraisal roll. See former Educ. Code § 19.021(2). We
disagree that this would be the necessary result. Although the appraisal rolls conclusively set appraised
value under the Tax Code, they do not conclusively establish the identity of the true surface owner of a tract
of property. See Tax Code § 42.09 (only ownership or location of property may be asserted as affirmative
offense against liability for tax liability). Furthermore, because we conclude merely that an undisputed
surface owner of property may petition for detachment and annexation, we need not and do not hold that
a party may, under former Educ. Code § 19.0221, bring to the Commissioner any bona fide dispute as to
either ownership or valuation of property. We sustain point of error one.

 In its second point of error Marted suggests that the Commissioner's decision violates the
due process clause of the United States Constitution. U.S. Const. amend. XIV. Because we have
sustained Marted's first point of error, we need not address the merits of this argument.


CONCLUSION

 We reverse the judgment of the district court and remand the cause to the Commissioner
for a determination of the merits of Marted's appeal concerning its petition for detachment and annexation.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Reversed and Remanded

Filed: January 15, 1998

Do Not Publish
1. When the Education Code was rewritten in 1995, the relevant provision was amended to state
that the petition requesting detachment and annexation must be signed by a majority of "the surface owners
of taxable property in the territory to be detached and annexed, if the territory does not have residents." 
Tex. Educ. Code Ann. § 13.051(b)(1)(B) (West 1996). There is no mention of appraisal rolls.



ggests that the severity of the Commissioner's interpretation of the
statute is softened in two ways. First, MCISD asserts that Marted could have had the appraisal rolls
"corrected" by using Tax Code § 25.25(b). It is not clear, however, that such a change would be possible
under that provision. An appraisal roll merely identifies the owner of the property as of January 1 of the
tax year, not at some later time. See Tax Code § 32.07. Thus, while section 25.25(b) allows for
correction of errors in the appraisal rolls, the listing of Dr. Smith as the owner on January 1 arguably was
not an "error" even after the property was sold to Marted. Neither MCISD nor the Commissioner points
to any case in which section 25.25(b) has been used to update the roll rather than correct errors. Without
deciding the e