TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00545-CV






Teresa Faye Martin, Appellant



v.



Department of Public Safety, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 235,809, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 







 The Department of Public Safety ("Department") suspended Teresa Faye Martin's
driver's license and the county court at law affirmed the administrative order. Martin appeals the
trial court's judgment. We will affirm. 


BACKGROUND

 On December 8, 1996, a Department officer observed Teresa Faye Martin driving
down a road in Austin. The officer saw Martin drive up on a curb, turn at a high rate of speed,
and finally drive into a ditch. The officer stopped Martin, administered field sobriety tests,
observed several facts that suggested she might be intoxicated, and arrested her for driving while
intoxicated. See Tex. Penal Code Ann. § 49.04 (West Supp. 1998).

 About one and one-half hours later at the police station, the officer approached
Martin to obtain a breath specimen to determine the alcohol concentration in her body. The
officer administered warnings to Martin, both orally and in writing, about certain consequences
of her giving a specimen. The warnings were set forth on a pre-printed form commonly used by
the Department, which the Department calls a "DIC-24." The Department presumably intended
the form to set forth warnings required by the Texas Transportation Code to be given by officers
in like situations. See Tex. Transp. Code Ann. § 724.015 (West 1998). Among the warnings in
the Transportation Code is a statement that the defendant's driver's license will be suspended
automatically if the breath test reveals the licensee "had an alcohol concentration of [0.10 or more
per 210 liters of breath]." See id. § 724.015(3); see also Tex. Penal Code Ann. § 49.01(2)(B)
(West 1994). After receiving the warnings, Martin agreed to give a breath specimen.

 A certified breath test operator administered two breath tests to Martin. The first
test disclosed an alcohol concentration of 0.190. The second test, administered about three
minutes after the first, disclosed an alcohol concentration of 0.194. Both test results were well
above the 0.10 level of legal intoxication. Upon failure of the breath test, Martin's license was
automatically suspended. (1) 

 Martin requested an administrative hearing on whether the Department's suspension
should be sustained. See id. § 524.031 (West 1998). The issues at the hearing were: (1) whether
Martin had an alcohol concentration of 0.10 or more per 210 liters of breath while operating her
vehicle in a public place, and (2) whether the officer had reasonable suspicion to stop or probable
cause to arrest her. See id. § 524.035(a) (West 1998). After an evidentiary hearing, the
administrative law judge ("ALJ") found, among other things, that Martin was "properly asked
to submit a specimen of breath . . . as demonstrated by the Department's statutory warning form." 
Furthermore, the ALJ found that Martin was operating her vehicle in a public place with an
alcohol concentration of 0.10 grams or greater of alcohol per 210 liters of breath "as determined
by Defendant's submission to a breath . . . test as requested." Consequently, the ALJ rendered
an administrative order sustaining the Department's suspension of Martin's license. That order
became final and appealable when the ALJ signed it. See id. § 524.035(e), .041(a) (West 1998).

 Martin sought judicial review of the ALJ's order in a county court at law. See id.
§ 524.041(a), (b). Martin raised two issues. First, she argued that the Department's pre-printed
warning form did not comply with the statutory warnings mandated by Texas Transportation Code
section 724.015(3). She contended the allegedly improper warning rendered her consent to the
breath test involuntary and that evidence of the breath-test results was consequently inadmissible. 
Second, she argued the evidence was legally and factually insufficient to support the ALJ's finding
that Martin had the requisite alcohol concentration while she was driving. The trial court affirmed
the ALJ's order.

 Martin appeals that judgment, raising the same two issues she argued before the
trial court. 


DISCUSSION

 Section 2001.174 of the Administrative Procedure Act governs the scope of our
review of this cause. Tex. Transp. Code Ann. § 524.002(b) (West 1998); Tex. Gov't Code Ann.
§ 2001.174 (West 1998). Pursuant to section 2001.174, we review an ALJ's determination of a
purely legal question de novo. Firemen's Pension Comm'n v. Jones, 939 S.W.2d 730, 735 (Tex.
App.--Austin 1997, no writ). We review an ALJ's finding of fact for support by substantial
evidence. Tex. Gov't Code Ann. § 2001.174; Texas Health Facilities Comm'n v. Charter
Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984).

 We first address Martin's contention that her breath-test results were inadmissible
because the Department failed to administer properly the warning required by section 724.015(3)
of the Transportation Code. That section reads:


Before requesting a person to submit to the taking of a specimen, the officer shall
inform the person orally and in writing that: . . . if the person is 21 years of age
or older and submits to the taking of a specimen designated by the officer and an
analysis of the specimen shows the person had an alcohol concentration of [0.10
or more per 210 liters of breath], the person's license to operate a motor vehicle
will be automatically suspended for not less than 60 days, whether or not the
person is subsequently prosecuted as a result of the arrest.



Tex. Transp. Code Ann. § 724.015(3) (West 1998) (emphasis added). The pre-printed form the
Department commonly uses to administer this warning states:

If you give the specimen and analysis shows that you have an alcohol concentration
of 0.10 or more, your license, permit, or privilege to operate a motor vehicle will
be suspended or denied for at least sixty (60) days, whether or not you are
prosecuted for this offense.


(Emphasis added.)

 Martin focuses on the difference between the tenses of the verb "to have" in the
statute and pre-printed form. She argues the legislature intended that an administrative license
suspension is a consequence of a person's being intoxicated while driving, not being intoxicated
while taking a breath test. She contends the legislature used the word "had," the past tense of the
verb, in section 724.015(3) to convey this idea. According to Martin, the Department's pre-printed form incorrectly admonishes licensees that administrative license suspension is the
consequence of their being intoxicated when they take a breath test, not when they were driving. 

 To resolve this issue, we must determine the proper construction of section
724.015(3), an issue of law. We, therefore, determine this issue de novo. See Firemen's Pension
Comm'n, 939 S.W.2d at 735. 

 The legislature's use of the word "had," as opposed to "have," in section
724.015(3) is somewhat ambiguous. That is, we agree that in isolation the statutory warning does
not make clear whether the suspension will be imposed as a consequence of the licensee's state
of intoxication at the time he or she was driving or at the time he or she takes the breath test. We
do not construe a statutory provision in isolation, however; we construe it in the context of the
statute as a whole. Texas Citrus Exchange v. Sharp, 955 S.W.2d 164, 169 (Tex. App.--Austin
1997, no writ). 

 Several other statutory provisions pertaining to administrative license suspensions
for failure to pass a test for intoxication shed light on this issue. We first note the language of
section 724.015(3) itself: a license suspension is automatic after a failed breath test, "whether
or not the person is subsequently prosecuted as a result of the arrest." Tex. Transp. Code Ann.
§ 724.015(3). Second, upon failure of a breath test, an arresting officer must serve a "notice of
driver's license suspension" on the licensee if the licensee is still in custody. Id. § 524.011(a)(1),
(b)(1). The suspension automatically becomes effective forty days after such service, unless the
licensee timely requests a hearing on the suspension. See id. §§ 524.021(a)(1), .031. In that
event, the request for the hearing "stays" the suspension until the date of the ALJ's final decision. 
Id. § 524.032(d). Furthermore, the purpose of the administrative hearing is to determine whether
a previously imposed suspension will be "sustained" or "rescinded." See id. § 524.035(b), (c). 
Only at this review hearing does the issue of the licensee's level of intoxication while driving
come into play. See id. § 524.035(a)(1)(A). The ALJ must rescind the suspension at the hearing
if the ALJ does not find from a preponderance of the evidence that the person had an alcohol
concentration of at least 0.10 while driving. Id. § 524.035(c). That does not mean, however,
that the suspension was not authorized in the first instance upon failure of a breath test. These
provisions reveal that the failure of a breath test after an arrest for driving while intoxicated
triggers a license suspension, regardless of whether the suspension will ultimately be sustained
in an administrative hearing. (2) 

 A sister court recently reached the same conclusion on the very same issue: 
whether the Department's standard warning properly tracks section 725.015(3). See Texas Dep't
of Pub. Safety v. Butler, No. 14-97-450-CV, slip op. at 4-5 (Tex. App.--Houston [14th Dist.] Jan.
15, 1998, no pet.). The court in Butler noted the statutory warnings cannot possibly be intended
to reference a licensee's state of intoxication while driving because an after-the-fact breath test can
never reveal the licensee's exact alcohol concentration at the time of the offense, since some delay
between arrest and testing is inevitable. Id. at 5 (citing Owen v. State, 905 S.W.2d 434, 439
(Tex. App.--Waco 1995, pet. ref'd)).

 Because the Transportation Code contemplates that an officer may issue a
suspension immediately upon a licensee's failure of a test for intoxication, the Department's pre-printed warning form properly draws licensees' attention to the consequences of their failure of
intoxication tests. The Department need not further warn licensees that they may ultimately defeat
suspension by showing they did not have the requisite alcohol concentration while driving. Butler,
slip op. at 4-5; cf. Erdman v. State, 861 S.W.2d 890, 893-94 (Tex. Crim. App. 1993) (in context
of criminal prosecution for driving while intoxicated, court held officer may not warn licensee of
additional, non-statutory consequences of refusing breath test, even if consequences would in fact
follow). We, therefore, reject Martin's challenge to the admissibility of the breath-test results
based on the allegedly improper warning on the Department's pre-printed form. We overrule
Martin's first argument.

 The second issue Martin raises is a challenge to the legal and factual sufficiency
of the evidence supporting the ALJ's finding that Martin had the requisite alcohol concentration
while driving. We do not review the finding under a traditional evidentiary scope of review
applied by appellate courts. As explained above, we review an ALJ's finding of fact pursuant to
the substantial evidence rule. In conducting a substantial-evidence review, we may not substitute
our judgment for the ALJ's as to the weight of the evidence on questions committed to the ALJ's
discretion. Tex. Gov't Code Ann. § 2001.174; Charter Medical, 665 S.W.2d at 452. The
evidence may actually preponderate against the ALJ's finding and we must still uphold it if
enough evidence suggests the ALJ's determination was within the bounds of reasonableness (i.e.,
if substantial evidence supports the ALJ's finding). Id. at 452-53.

 The record contains ample evidence suggesting that Martin had the prohibited
alcohol concentration when she was driving. First, the breath tests administered about one and
one-half hours after Martin's arrest indicate she had an alcohol concentration of almost twice the
legal limit when the tests were administered. The officer arrested Martin and transported her to
the police station where the test was administered; presumably she had no opportunity to imbibe
further before the test. Moreover, the arresting officer testified that he saw Martin driving
recklessly by driving up on a curb and into a ditch. The officer also testified that after he stopped
her, she smelled of alcohol, her speech was slurred, and she failed several field sobriety tests. 

 Martin contends this evidence is not enough to establish her alcohol concentration
at the time of the arrest. She contends the Department had the burden of providing extrapolation
evidence (3) to connect her after-the-fact test results with her alcohol concentration at the time of her
arrest. We disagree. 

 The Department bore the burden of proving Martin had an alcohol concentration
of at least 0.10 when she was driving. See Tex. Transp. Code Ann. § 524.035(a)(1)(A). The
results of the breath test and the officer's observations of Martin's behavior at the time of arrest
reasonably support the inference that she had an alcohol concentration of 0.10 when she was
driving. The Department did not have the burden of disproving alternative hypotheses when
attempting to prove its case. Cf. Geesa v. State, 820 S.W.2d 154, 156 (Tex. Crim. App. 1991)
(State need not disprove alternative hypotheses when attempting to prove criminal offenses). 
Many courts, including this one, have sustained convictions for driving while intoxicated, in
which a much higher standard of proof applied, (4) based in part on after-the-fact test results without
expert extrapolation evidence. See Forte v. State, 707 S.W.2d 89 (Tex. Crim. App. 1986);
Daricek v. State, 875 S.W.2d 770, 772 (Tex. App.--Austin 1994, pet. ref'd); Owen, 905 S.W.2d
at 438-39; Wagner v. State, 720 S.W.2d 827, 830 (Tex. App.--Texarkana 1986, pet. ref'd). 
Furthermore, nothing in the Transportation Code requires the Department to present specific
extrapolation evidence.

 Martin had an opportunity to defend against the Department's allegations by
presenting evidence that her alcohol concentration increased between her arrest and the breath test. 
See Forte, 707 S.W.2d at 95. Martin did not present any such evidence. We overrule Martin's
second argument.


CONCLUSION

 Having overruled Martin's arguments, we affirm the judgment of the county court
at law.


 _____________________________________________

 Mack Kidd, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: March 12, 1998

Publish
1. Upon receipt of breath-test results such as these, an officer must at least attempt to serve
a "notice of driver's license suspension" upon the licensee. Tex. Transp. Code Ann.
§ 524.011(a)(1), (b)(1) (West 1998). The officer must also send a copy of the notice to the
Department within five business days of the date of the arrest. Id. If the officer is unable to serve
the licensee with the notice, the Department determines whether to suspend the license and notifies
the licensee of any such determination. Id. § 524.012(a), .013(a) (West 1998). The record does
not contain the notice of suspension; therefore, it does not reveal whether Martin received notice
of her driver's license suspension from the arresting officer or from the Department. In any
event, Martin does not contend that she failed to receive such a notice.
2. These consequences also follow failure of intoxication tests after arrests for intoxication
assault and intoxication manslaughter involving the operation of a motor vehicle. See Tex.
Transp. Code Ann. § 524.011(a) (West 1998); Tex. Penal Code Ann. §§ 49.07, .08 (West 1994). 
3. The rate at which alcohol is digested or metabolized varies in each person at any given
time according to several factors. Extrapolation evidence explains the correlation between the
breath test results and the level of intoxication at the time of arrest in a given case. Martin
focuses on the fact that the second test showed a greater alcohol concentration than the first. 
Martin argues that this evidence suggests the concentration was increasing, and that extrapolation
back to the time of arrest would necessarily show she was below 0.10 while driving. It is just as
likely that the difference between the test results merely reflects the normal deviation in test
results or the care with which the tests were administered.
4. The State must prove a criminal offense beyond a reasonable doubt. Tex. Penal Code
Ann. § 2.01 (West 1994). The State must prove its case in an administrative license suspension
proceeding by a preponderance of the evidence. Tex. Transp. Code Ann. § 524.035(a) (West
1998).



esults with her alcohol concentration at the time of her
arrest. We disagree. 

 The Department bore the burden of proving Martin had an alcohol concentration
of at least 0.10 when she was driving. See Tex. Transp. Code Ann. § 524.035(a)(1)(A). The
results of the breath test and the officer's observations of Martin's behavior at the time of arrest
reasonably support the inference that she had an alcohol concentration of 0.10 when she was
driving. The Department did not have the burden of disproving alternative hypotheses when
attempting to prove its case. Cf. Geesa v. State, 820 S.W.2d 154, 156 (Tex. Crim. App. 1991)
(State need not disprove alternative hypotheses when attempting to prove criminal offenses). 
Many courts, including this one, have sustained convictions for driving while intoxicated, in
which a much higher standard of proof applied, (4) based in part on after-the-fact test results without
expert extrapolation evidence. See Forte v. State, 707 S.W.2d 89 (Tex. Crim. App. 1986);
Daricek v. State, 875 S.W.2d 770, 772 (Tex. App.--Austin 1994, pet. ref'd); Owen, 905 S.W.2d
at 438-39; Wagner v. State, 720 S.W.2d 827, 830 (Tex. App.--Texarkana 1986, pet. ref'd). 
Furthermore, nothing in the Transportation Code requires the Department to present specific
extrapolation evidence.

 Martin had an opportunity to defend against the Department's allegations by
presenting evidence that her alcohol concentration increased between her arrest and the breath test. 
See Forte, 707 S.W.2d at 95. Martin did not present any such evidence. We overrule Martin's
second argument.


CONCLUSION

 Having overruled Martin's arguments, we affirm the judgment of the county court
at law.


 _____________________________________________

 Mack Kidd, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: March 12, 1998

Publish
1. Upon receipt of breath-test results such as these, an officer must at least attempt to serve
a "notice of driver's license suspension" upon the licensee. Tex. Transp. Code Ann.
§ 524.011(a)(1), (b)(1) (West 1998). The officer must also send a copy of the notice to the
Department within five business days of the date of the arrest. Id. If the officer is unable to serve
the licensee with the notice, the Department determines whether to suspend the license and notifies
the licensee of any such determination. Id. § 524.012(a), .013(a) (West 1998). The record does
not contain the notice of suspension; therefore, it does not reveal whether Martin received notice
of her driver's license suspension from the arresting officer or from the Department. In any
event, Martin does not contend that she failed to receive such a notice.
2. These consequences also follow failure of intoxication tests after arrests for intoxication
assault and intoxication manslaughter involving the operation of a motor vehicle. See Tex.
Transp. Code Ann. § 524.011(a) (West 1998); Tex. Penal Code Ann. §§ 49.07, .08 (West 1994). 
3. The rate at which alcohol is digested or metabolized varies in each person at an